**Lester Ray FINN, Petitioner,**

v.

**Edward M. RILEY, CPS, III, Respondent.**

**No. C–73–1630 SAW.**

United States District Court,
N. D. California.

Jan. 24, 1974.

James Moore King, Sogg, King & Cobey, San Jose, Cal., for petitioner.

Evelle J. Younger, Atty. Gen., Jack R. Winkler, Chief Asst. Atty. Gen., Crim. Div., Edward P. O'Brien, Asst. Atty. Gen., W. Eric Collins, Linda Ludlow, Deputy Attys. Gen., San Francisco, Cal., for respondents.

## ORDER FOR AND JUDGMENT OF DISMISSAL

WEIGEL, District Judge.

This appears to be a case of first impression. Unlike most, it presents no difficult issues.

At the time when he was a prisoner of the State of California, petitioner Finn filed for a writ of habeas corpus. On November 28, 1973, the Court issued an Order to Show Cause.

After filing his petition, Finn escaped. He remains at large. His present whereabouts are unknown.

The writ of habeas corpus, if granted, would require respondent forthwith to produce the person of petitioner before the Court. Petitioner's own action has made that impossible and has deprived the Court of jurisdiction.

The writ of habeas corpus shall not extend to a prisoner unless "he is in custody in violation of the Constitution . . . of the United States; . . . ." 28 U.S.C. § 2241(c)(3). Petitioner is not in custody. Therefore, the Court is without jurisdiction.

It is hereby ordered and adjudged that (1) the Order to Show Cause is discharged and (2) the petition for habeas corpus is dismissed.